Dear Councilman Hogan:
You have requested an opinion from the Attorney General's Office as a member of the St. Charles Parish Council regarding whether it is a violation of the Open Meetings Law for a council member to use a cellular telephone or other mobile electronic device to send texts or e-mail during a public meeting.
Your request letter provides that during St. Charles Parish Council ("Council") meetings, council members are using their cellular telephones to text and/or e-mail individuals outside of the meeting. On October 4, 2010, the Council considered, but failed to adopt, a rule prohibiting or limiting the use of certain electronic devices during meetings. You have asked this office to provide an opinion as to whether or not it violates the Open Meetings Laws for council members to e-mail or text during a public meeting.
The right of access to public meetings is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Open Meetings Law, La.R.S. 42:11 et seq., was enacted to define and describe this constitutional right of access. The Council is a "public body" subject to this body of law by the clear language of La.R.S. 42:13(A)(2). The purpose of the Open Meetings Law is clearly set forth in La.R.S. 42:12, which provides, in pertinent part:
 It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of this Chapter shall be construed liberally. *Page 2 
This statute clearly provides that the purpose behind the Open Meetings Law is for public business to be performed in an open forum, and to allow citizens the opportunity to be aware of and observe the deliberations and decisions that help form public policy. Further, the Legislature instructs liberal interpretation of the Open Meetings Law.
Every meeting of a public body is required to be open to the public, unless closed pursuant to La.R.S. 42:16, 42:17, or42:18.[1] A meeting is defined by La.R.S. 42:13(A)(1) as:
 the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
You have indicated your specific concern is whether electronic discourse between a council member and member(s) of the public is prohibited by the Open Meetings Law when such discourse occurs during a public meeting. The Open Meetings Law does not prohibit the use of electronic technology during a public meeting. This is no different than a council member passing a note to a member of his or her staff, or even to another council member during a meeting. Communication during a public meeting, whether oral or written, between a member of a public body and his or her constituents, staff and/or another member of a public body is not, in and of itself, a violation of the Open Meetings Law. As highlighted by the definition of "meeting" above, this body of law is designed to prevent aquorum of a public body from deliberating outside of public view, except as specifically provided for in the Open Meetings Law. However, the scenario you are concerned with does not involve action outside of a public meeting, but rather the conversations held within a public meeting.
La.R.S. 42:14(B) prohibits a public body from utilizing any manner of proxy voting procedure, secret balloting, or any other means to circumvent the intent of the Open Meetings Law. But, again, your concern is not with voting or secret balloting, and there is no information indicating that the communication at issue is being used as a means to circumvent having the same discussion at an open meeting, but rather is allegedly being used as a means to provide constituents who cannot attend a meeting with access to know what is happening at the meeting.[2]
As a practical matter, we acknowledge the argument that the use of electronic devices during a public meeting could be distracting to public officials, and it might be considered bad manners to read or send messages to others instead of giving the full *Page 3 
attention and engagement to individuals who have the floor at a meeting being held. However, the Open Meetings Law is simply not designed to address this type of decorum concern.
As indicated earlier, the Council previously considered a rule governing the use of electronic devices by council members in council meetings, but it did not pass. Rule 14 of the Council Rules[3] provides that while a member is speaking, no member shall hold any private discourse. Whether or not the electronic communication engaged in by a council member would constitute "private discourse" as described by Rule 14 depends upon the nature of the communication at issue and notably, how the term "private discourse" is defined by the Council. We note that the Council should be mindful of interpreting such rule in a manner consistent with the protections of free speech afforded by the First Amendment.
As described above, whether or not the use of a cellular telephone by a council member during a council meeting is a violation of the Open Meetings Law turns upon the particular facts relating to the communication. A council member exchanging a text or e-mail with a constituent during a meeting is not dissimilar to someone handing a note to a council member during a meeting, or a council member stepping outside of a meeting to speak with a constituent during a meeting. Submitting messages to or receiving messages from constituents during meetings is not prohibited by the Open Meetings Law. However, we caution against council members' use of electronic devices to communicate with constituents in a manner which would run afoul of the Council's own rules. Additionally, we note that the analysis of a potential Open Meetings Law violation is much different when considering electronic communication between a quorum of council members during a public meeting.
I hope the foregoing is sufficiently responsive to your concerns. If we can be of further assistance, please do not hesitate to contact our office.
 Yours very truly, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC/EAB
[1] La.R.S. 42:14(A).
[2] Although not at issue in this opinion, with respect to your concerns regarding transparency of public business, we note the potential application of the Public Records Act to any documents created by the council members during a public meeting which qualify as "public records" as defined by La.R.S. 44:1(A)(2)(a).
[3]
http://www.stcharlesgov.net/Modules/ShowDocument. aspx?documentid=608 (last visited September 6, 2011).